UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

JERMAINE CRANMORE, on behalf of himself and all
others similarly situated,

                Plaintiff,

                v.

PARTS AUTHORITY, LLC, PARTS AUTHORITY-
WAW LLC, DRA LOGISTICS CORP. d/b/a
WORKFORCE, AND 130 ST. EQUITIES LLC d/b/a
WORKFORCE,

                Defendants.

------------------------------------------------------------x

**DEFENDANTS PARTS
AUTHORITY, LLC AND
PARTS AUTHORITY-WAW
LLC'S ANSWER TO
PLAINTIFF'S "CLASS AND
COLLECTIVE ACTION
COMPLAINT"**

Civ. No.:  24-cv-05842

## DEFENDANTS PARTS AUTHORITY, LLC AND PARTS AUTHORITY-WAW LLC'S ANSWER TO PLAINTIFF'S "CLASS AND COLLECTIVE ACTION COMPLAINT"

Defendants PARTS AUTHORITY, LLC and PARTS AUTHORITY-WAW LLC (hereinafter collectively referred to as "Parts Authority Defendants"), by and through their undersigned counsel, Jackson Lewis P.C., hereby respond to the allegations in the Class and Collective Action Complaint ("Complaint") brought by Plaintiff JERMAINE CRANMORE ("Plaintiff"), on behalf of himself and all others similarly situated, as follows:

### AS TO "NATURE OF THE COMPLAINT"

1.      Parts Authority Defendants deny the allegations in Paragraph "1" of the Complaint.

2.      Parts Authority Defendants deny the allegations in Paragraph "2" of the Complaint.

3.      Parts Authority Defendants deny the allegations in Paragraph "3" of the Complaint.

## AS TO "JURISDICTION"

4.      Parts Authority Defendants admit the Court generally has federal subject matter jurisdiction over Plaintiff's federal claims and has the authority to exercise supplemental jurisdiction over Plaintiff's state law claims, but deny any violation of law and deny the court should exercise supplemental authority over the state law claims.

## AS TO "VENUE"

5.      Parts Authority Defendants admit venue is proper over Plaintiff's claims but denies any violation of law.

## AS TO "THE PARTIES"

### AS TO "Plaintiff Jermain Cranmore"

6.      Parts Authority Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in Paragraph "6" of the Complaint.

7.      Parts Authority Defendants deny the allegations in Paragraph "7" of the Complaint.

### AS TO "The Parts Authority Defendants"

8.      Parts Authority Defendants admit the allegations in Paragraph "8" of the Complaint.

9.      Parts Authority Defendants admit the allegation in Paragraph "9" of the Complaint.

10.      Parts Authority Defendants deny the allegations in Paragraph "10" of the Complaint, except admits Parts Authority LLC is a distributor of automotive parts and does business as Parts Authority.

11.     Parts Authority Defendants deny the allegations in Paragraph "11" of the Complaint.

12.     Parts Authority Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in Paragraph "12" of the Complaint.

13.     Parts Authority Defendants admit the allegation in Paragraph "13" of the Complaint.

14.     The allegations in Paragraph "14" of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Parts Authority Defendants deny knowledge or information sufficient to form a belief as to the factual allegations contained therein.

15.     Parts Authority Defendants admit the allegations in Paragraph "15" of the Complaint.

16.     Parts Authority Defendants deny the allegations in Paragraph "16" of the Complaint.

**AS TO "The Workforce Defendants"**

17.     Parts Authority Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "17" of the Complaint.

18.     Parts Authority Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "18" of the Complaint.

19.     Parts Authority Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "19" of the Complaint.

20.     Parts Authority Defendants lack knowledge or information sufficient form a belief as to the truth of the allegations in Paragraph "20" of the Complaint, but denies that Parts Authority Defendants issued checks to Plaintiff.

21.     Parts Authority Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "21" of the Complaint.

22.     Parts Authority Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "22" of the Complaint.

23.     Parts Authority Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "23" of the Complaint.

## AS TO "FACTUAL ALLEGATIONS"

24.     Parts Authority Defendants deny the allegations in Paragraph "24" of the Complaint.

25.     Parts Authority Defendants deny the allegations in Paragraph "25" of the Complaint.

26.     Parts Authority Defendants deny the allegations in Paragraph "26" of the Complaint.

27.     Parts Authority Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "27" of the Complaint.

28.     Parts Authority Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "28" of the Complaint.

29.     Parts Authority Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "29" of the Complaint.

30.    Parts Authority Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "30" of the Complaint.

31.    Parts Authority Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "31" of the Complaint.

32.    Parts Authority Defendants deny the allegations in Paragraph "32" of the Complaint.

33.    Parts Authority Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "33" of the Complaint.

34.    Parts Authority Defendants deny the allegations in Paragraph "34" of the Complaint.

35.    Parts Authority Defendants deny the allegations in Paragraph "35" of the Complaint.

36.    Parts Authority Defendants deny the allegations in Paragraph "36" of the Complaint.

37.    Parts Authority Defendants deny the allegations in Paragraph "37" of the Complaint.

38.    Parts Authority Defendants deny the allegations in Paragraph "38" of the Complaint.

39.    Parts Authority Defendants deny the allegations in Paragraph "39" of the Complaint.

40.    Parts Authority Defendants deny the allegations in Paragraph "40" of the Complaint.

41.     Parts Authority Defendants deny the allegations in Paragraph "41" of the Complaint, except aver that it lacks knowledge or information sufficient to form a belief as to the factual allegations relating to Defendants other than the Parts Authority Defendants and aver that Plaintiff was not employed by the Parts Authority Defendants.

42.     Parts Authority Defendants deny the allegations in Paragraph "42" of the Complaint, except aver that it lacks knowledge or information sufficient to form a belief as to the factual allegations relating to Defendants other than the Parts Authority Defendants and aver that Plaintiff was not employed by the Parts Authority Defendants.

43.     Parts Authority Defendants deny the allegations in Paragraph "43" of the Complaint, except aver that it lacks knowledge or information sufficient to form a belief as to the factual allegations relating to Defendants other than the Parts Authority Defendants and aver that Plaintiff was not employed by the Parts Authority Defendants.

44.     Parts Authority Defendants deny the allegations in Paragraph "44" of the Complaint, except aver that it lacks knowledge or information sufficient to form a belief as to the factual allegations relating to Defendants other than the Parts Authority Defendants and aver that Plaintiff was not employed by the Parts Authority Defendants.

45.     Parts Authority Defendants deny the allegations in Paragraph "45" of the Complaint, except aver that it lacks knowledge or information sufficient to form a belief as to the factual allegations relating to Defendants other than the Parts Authority Defendants and aver that Plaintiff was not employed by the Parts Authority Defendants.

46.     Parts Authority Defendants deny the allegations in Paragraph "46" of the Complaint, except aver that it lacks knowledge or information sufficient to form a belief as to the

factual allegations relating to Defendants other than the Parts Authority Defendants and aver that Plaintiff was not employed by the Parts Authority Defendants.

47.    Parts Authority Defendants deny the allegations in Paragraph "47" of the Complaint, except aver that it lacks knowledge or information sufficient to form a belief as to the factual allegations relating to Defendants other than the Parts Authority Defendants and aver that Plaintiff was not employed by the Parts Authority Defendants.

48.    Parts Authority Defendants deny the allegations in Paragraph "48" of the Complaint.

**AS TO "The Parts Authority and Workforce Defendants Jointly Employed Cranmore and the Warehouse Workers Through a Subcontracting Scheme to Deny Them Lawful Wages"**

49.    Parts Authority Defendants deny the allegations in Paragraph "49" of the Complaint.

50.    Parts Authority Defendants deny the allegations in Paragraph "50" of the Complaint.

51.    Parts Authority Defendants deny the allegations in Paragraph "51" of the Complaint.

52.    Parts Authority Defendants deny the allegations in Paragraph "52" of the Complaint.

53.    Parts Authority Defendants deny the allegations in Paragraph "53" of the Complaint.

54.    Parts Authority Defendants deny the allegations in Paragraph "54" of the Complaint.

55.    Parts Authority Defendants deny the allegations in Paragraph "55" of the Complaint.

56.    Parts Authority Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph "56" of the Complaint.

57.    Parts Authority Defendants deny the allegations in Paragraph "57" of the Complaint.

58.    Parts Authority Defendants deny the allegations in Paragraph "58" of the Complaint.

59.    Parts Authority Defendants deny the allegations in Paragraph "59" of the Complaint.

60.    Parts Authority Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "60" of the Complaint.

61.    Parts Authority Defendants deny the allegations in Paragraph "61" of the Complaint.

62.    Parts Authority Defendants deny the allegation in Paragraph "62" of the Complaint.

63.    Parts Authority Defendants deny the allegation in Paragraph "63" of the Complaint.

64.    Parts Authority Defendants deny the allegations in Paragraph "64" of the Complaint.

65.    Parts Authority Defendants deny the allegations in Paragraph "'65" of the Complaint.

66.    Parts Authority Defendants deny the allegations in Paragraph "66" of the Complaint.

67.     Parts Authority Defendants deny the allegations in Paragraph "67" of the Complaint.

68.     Parts Authority Defendants deny the allegations in Paragraph "68" of the Complaint.

69.     Parts Authority Defendants deny the allegations in Paragraph "69" of the Complaint.

70.     Parts Authority Defendants deny the allegations in Paragraph "70" of the Complaint.

71.     Parts Authority Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "71" of the Complaint.

72.     Parts Authority Defendants deny the allegations in Paragraph "72" of the Complaint.

73.     Parts Authority Defendants deny the allegations in Paragraph "73" of the Complaint.

## AS TO "COLLECTIVE ACTION ALLEGATIONS"

74.     Parts Authority Defendants admit that Plaintiff purports to proceed as set forth in Paragraph "74" of the Complaint but deny all factual allegations contained therein.

75.     Parts Authority Defendants deny the allegations in Paragraph "75" of the Complaint.

76.     Parts Authority Defendants deny the allegations in Paragraph "76" of the Complaint.

77.     Parts Authority Defendants deny the allegations in Paragraph "77" of the Complaint.

78.    Parts Authority Defendants deny the allegations in Paragraph "78" of the Complaint.

79.    Parts Authority Defendants deny the allegations in Paragraph "79" of the Complaint.

80.    Parts Authority Defendants deny the allegations in Paragraph "80" of the Complaint.

81.    Parts Authority Defendants deny the allegations in Paragraph "81" of the Complaint.

82.    Parts Authority Defendants deny the allegations in Paragraph "82" of the Complaint.

## AS TO "CLASS ACTION ALLEGATIONS"

83.    Parts Authority Defendants admit that Plaintiff purports to proceed as set forth in Paragraph "83" of the Complaint but deny all factual allegations contained therein.

84.    Parts Authority Defendants deny the allegations in Paragraph "84" of the Complaint.

85.    Parts Authority Defendants deny the allegations in Paragraph "85" of the Complaint.

86.    Parts Authority Defendants deny the allegations in Paragraph "86" of the Complaint.

87.    The allegations in Paragraph "87" of the Complaint and all subsections thereto are legal conclusions to which no response is required. To the extent a response is required, Parts Authority Defendants deny the factual allegations contained therein.

88.     Parts Authority Defendants deny the allegations in Paragraph "88" of the Complaint.

89.     Parts Authority Defendants deny the allegations in Paragraph "89" of the Complaint.

90.     Parts Authority Defendants deny the allegations in Paragraph "90" of the Complaint.

91.     Parts Authority Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff's legal counsel is "competent and experienced in wage and hour, discrimination, and class action litigation" as alleged in Paragraph "91" of the Complaint.

92.     Parts Authority Defendants lack knowledge or information sufficient to form a belief as to the allegation in Paragraph "92" of the Complaint.

93.     Parts Authority Defendants deny the allegations in Paragraph "93" of the Complaint.

94.     Parts Authority Defendants deny the allegations in Paragraph "94" of the Complaint.

### AS TO "FIRST CLAIM
### (NYLL – Unpaid Minimum Wages)"

95.     Parts Authority Defendants repeat, reiterate and reallege each and every response contained in Paragraphs "1" through "94" above, as if fully stated herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

96.     The allegations in Paragraph "96" of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Parts Authority Defendants deny the factual allegations contained therein.

97.     Parts Authority Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "97" of the Complaint.

98.     The allegations in Paragraph "98" of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Parts Authority Defendants deny the factual allegations contained therein.

99.     Parts Authority Defendants deny the allegations in Paragraph "99" of the Complaint.

100.    Parts Authority Defendants deny the allegations in Paragraph "100" of the Complaint.

## AS TO "SECOND CLAIM
(FLSA – Unpaid Overtime Wages)"

101.    Parts Authority Defendants repeat, reiterate and reallege each and every response contained in Paragraphs "1" through "100" above, as if fully stated herein at length and deny each and every allegation not unequivocally admitted in this Answer.

102.    The allegations in Paragraph "102" of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Parts Authority Defendants deny the factual allegations contained therein.

103.    Parts Authority Defendants deny the allegations in Paragraph "103" of the Complaint.

104.    Parts Authority Defendants deny the allegations in Paragraph "104" of the Complaint.

105.    Parts Authority Defendants deny the allegations in Paragraph "105" of the Complaint.

106.    Parts Authority Defendants deny the allegations in Paragraph "106" of the Complaint.

107.    Parts Authority Defendants deny the allegations in Paragraph "107" of the Complaint.

## AS TO "THIRD CLAIM
(NYLL – Unpaid Overtime Wages)"

108.    Parts Authority Defendants repeat, reiterate and reallege each and every response contained in Paragraphs "1" and "107" above, as if fully stated herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

109.    Parts Authority Defendants deny the allegations in Paragraph "109" of the Complaint.

110.    Parts Authority Defendants deny the allegations in Paragraph "110" of the Complaint.

111.    Parts Authority Defendants deny the allegations in Paragraph "111" of the Complaint.

112.    Parts Authority Defendants deny the allegations in Paragraph "112" of the Complaint.

## AS TO "FOURTH CLAIM
(NYLL – Unpaid Spread-of-Hours Pay)"

113.    Defendants repeat, reiterate and reallege each and every response contained in Paragraphs "1" through "112" above, as if fully stated herein at length, and deny each and every allegation not unequivocally admitted in the Answer.

114.    Parts Authority Defendants deny the allegations in Paragraph "114" of the Complaint.

115.    Parts Authority Defendants deny the allegations in Paragraph "115" of the Complaint.

## AS TO "FIFTH CLAIM
## (NYLL WTPA – Failure to Provide Wage Notices)"

116.    Defendants repeat, reiterate and reallege each and every response contained in Paragraphs "1" through "115" above, as if fully stated herein at length, and deny each and every allegation not unequivocally admitted in the Answer.

117.    The allegations in Paragraph "117" of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Parts Authority Defendants deny the factual allegations contained therein.

118.    Parts Authority Defendants deny the allegations in Paragraph "118" of the Complaint.

119.    Parts Authority Defendants deny the allegations in Paragraph "119" of the Complaint.

## AS TO "SIXTH CLAIM
## (NYLL WTPA – Failure to Provide Wage Statements)"

120.    Parts Authority Defendants repeat, reiterate and reallege each and every response contained in Paragraphs "1" through "119" above, as if fully stated herein at length, and deny each and every allegation not unequivocally admitted in the Answer.

121.    The allegations in Paragraph "121" of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Parts Authority Defendants deny the factual allegations contained therein.

122.    Parts Authority Defendants deny the allegations in Paragraph "122" of the Complaint.

123.    Parts Authority Defendants deny the allegations in Paragraph "123" of the Complaint.

## AS TO "SEVENTH CLAIM
(NYLL – Unlawful Deductions from Wages)"

124.    Parts Authority Defendants repeat, reiterate and reallege each and every response contained in Paragraphs "1" through "123" above, as if fully stated herein at length, and deny each and every allegation not unequivocally admitted in the Answer.

125.    The allegations in Paragraph "125" are a legal conclusion to which no response is required. To the extent a response is required, Parts Authority Defendants deny the factual allegations contained therein.

126.    Parts Authority Defendants deny the allegations in Paragraph "126" of the Complaint.

127.    The allegation in Paragraph "127" is a legal conclusion to which no response is required. To the extent a response is required, Parts Authority Defendants deny the factual allegations contained therein.

128.    The allegations in Paragraph "128" are legal conclusions to which no response is required. To the extent a response is required, Parts Authority Defendants deny the factual allegations contained therein.

129.    Parts Authority Defendants deny the allegations in Paragraph "129" of the Complaint.

130.    Parts Authority Defendants deny the allegations in Paragraph "130" of the Complaint.

## AS TO "EIGHTH CLAIM
(NYEPA – NYLL § 194 – Equal Pay Discrimination)"

131.    Parts Authority Defendants repeat, reiterate and reallege each and every response contained in Paragraphs "1" through "130" above, as if fully stated herein at length, and deny each and every allegation not unequivocally admitted in the Answer.

132.    Parts Authority Defendants deny the allegations contained in Paragraph "132" of the Complaint.

133.    The allegations in Paragraph "133" are legal conclusions to which no response is required. To the extent a response is required, Parts Authority Defendants deny the factual allegations contained therein.

134.    The allegations in Paragraph "134" are legal conclusions to which no response is required. To the extent a response is required, Parts Authority Defendants deny the factual allegations contained therein.

135.    Parts Authority Defendants deny the allegations in Paragraph "135" of the Complaint.

136.    Parts Authority Defendants deny the allegations in Paragraph "136" of the Complaint.

## AS TO "NINTH CLAIM
(NYSHRL – Discrimination)"

137.    Parts Authority Defendants repeat, reiterate and reallege each and every response contained in Paragraphs "1" through "136" above, as if fully stated herein at length, and deny each and every allegation not unequivocally admitted in the Answer.

138.    The allegations in Paragraph "138" are legal conclusions to which no response is required. To the extent a response is required, Parts Authority Defendants deny the factual allegations contained therein.

139.    The allegations in Paragraph "139" are legal conclusions to which no response is required. To the extent a response is required, Parts Authority Defendants deny the factual allegations contained therein.

140.    Parts Authority Defendants deny the allegations in Paragraph "140" of the Complaint.

141.    Parts Authority Defendants deny the allegations in Paragraph "141" of the Complaint.

142.    Parts Authority Defendants deny the allegations in Paragraph "142" of the Complaint.

143.    Parts Authority Defendants deny the allegations in Paragraph "143" of the Complaint.

## AS TO "TENTH CLAIM (NYCHRL – Discrimination)"

144.    Parts Authority Defendants repeat, reiterate and reallege each and every response contained in Paragraphs "1" through "143" above, as if fully stated herein at length, and deny each and every allegation not unequivocally admitted in the Answer.

145.    The allegations in Paragraph "145" are legal conclusions to which no response is required. To the extent a response is required, Parts Authority Defendants deny the factual allegations contained therein.

146.    The allegations in Paragraph "146" of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Parts Authority Defendants deny the factual allegations contained therein.

147.    Parts Authority Defendants deny the allegations in Paragraph "147" of the Complaint.

148.    Parts Authority Defendants deny the allegations in Paragraph "148" of the Complaint.

149.    Parts Authority Defendants deny the allegations in Paragraph "149" of the Complaint.

150.    Parts Authority Defendants deny the allegations in Paragraph "150" of the Complaint.

## AS TO "PRAYER FOR RELIEF"

Parts Authority Defendants deny the allegations contained in Plaintiff's "Prayer for Relief" and all subsections thereto.

## AS TO "JURY TRIAL DEMAND"

Parts Authority Defendants admit that Plaintiff purports to request a trial on all issues in this action.

## STATEMENT OF AFFIRMATIVE DEFENSES AND OTHER DEFENSES

Without assuming any burden of production or proof as to any of the following defenses where the law does not impose such burden on Parts Authority Defendants, Parts Authority Defendants assert the following defenses to Plaintiff's claims:[1]

---

[1]    These defenses also may apply to the claims of some or all of the individuals alleged in Plaintiff's Complaint to be similarly situated persons under 29 U.S.C § 216(b) and/or Fed. R. Civ. P. 23, including but not limited to any individual who has filed or does file a consent to join this action pursuant to 29 U.S.C § 216(b). Parts

## AS AND FOR A FIRST DEFENSE

The Complaint fails, in whole or in part, to state any cause of action upon which relief can be granted or for which the damages sought can be awarded.

## AS AND FOR A SECOND DEFENSE

The Complaint should be dismissed as to Parts Authority Defendants because they were not Plaintiff's employers or joint employers under the Fair Labor Standards Act ("FLSA"), the NYLL, the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL") or any other law or theory of liability.

## AS AND FOR A THIRD DEFENSE

Plaintiff's claims may be barred, in whole or in part, to the extent such claims have been released, waived, discharged and/or abandoned.

## AS AND FOR A FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in party, because any of Parts Authority Defendants' actions and practices were taken in compliance with and/or as required by the laws of the United States and/or of the State of New York which regulated Parts Authority Defendants and were taken in good faith and with reasonable grounds for believing that any alleged acts or omission were not in violation of the law.

## AS AND FOR A FIFTH DEFENSE

Parts Authority Defendants are not subject to liability for any alleged failure to pay certain amounts of compensation purportedly owed under the FLSA or NYLL, and Plaintiffs' claims are barred, in whole or in party by, *inter alia*, the United States or New York State

---

Authority Defendants reserve the right to amend this Answer to include additional defenses applicable to putative collective or class action members.

Department of Labor's written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administration practices or enforcement policies.

## AS AND FOR A SIXTH DEFENSE

Plaintiff's claim pursuant to NYLL § 195 is barred because Parts Authority Defendants reasonably believed in good faith that they were not required to provide such notices and statements pursuant to the law.

## AS AND FOR A SEVENTH DEFENSE

Plaintiff's claim under the NYEPA and NYSHRL should be dismissed to the extent Plaintiff did not perform  equal work on a job the performance of which requires equal skill, effort and responsibility, and which is performed under similar working conditions as other workers, or substantially similar work, when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions, and to the extent any payment disparity is a result of a bona fide factor other than status within one or more protected class or classes, such as education, training, or experience.

## AS AND FOR AN EIGHTH DEFENSE

Plaintiff's claims for liquidated damages under the NYEPA should be dismissed because any alleged underpayment was made in good faith compliance with the law.

## AS AND FOR A NINTH DEFENSE

To the extent Plaintiff failed to make diligent or good faith efforts to mitigate purported damages, any relief awarded must be dismissed or reduced, in whole or in part.

## AS AND FOR A TENTH DEFENSE

Plaintiffs' claims for punitive damages are precluded by Defendants' good faith efforts to comply with federal, state, and local anti-discrimination and anti-retaliation laws.  Defendants,

further, did not commit, ratify, authorize, or acquiesce in any malicious, willful, or reckless acts or omissions.

## **RESERVATION OF RIGHTS**

In addition to the forgoing defenses, Parts Authority Defendants retain the right to amend the Answer to raise additional affirmative and other defenses or pursue any available counterclaims against Plaintiff, and/or the members of the putative class or collective groups Plaintiff purports to represent, as those claims become known during this litigation.

\*        \*        \*        \*        \*

**WHEREFORE,** Parts Authority Defendants respectfully request that the Court:

(a)      Dismiss Plaintiff's Complaint in its entirety, with prejudice;

(b)      Deny each and every demand and prayer for relief contained in Plaintiff's Complaint;

(c)      Award Parts Authority Defendants reasonable attorneys' fees and costs, incurred in defending against this action; and

(d)      Grant such other and further relief as the Court deems just and proper.

Dated: Melville, New York
        October 9, 2024

Respectfully submitted,

JACKSON LEWIS P.C.
*Attorneys for Parts Authority Defendants*
58 South Service Road, Suite 250
Melville, New York 11747
(631) 247-0404

By:      *s/Jeffrey W. Brecher*
         JEFFREY BRECHER, ESQ.
         ALEX VILLANELLA, ESQ.

4863-7187-6333, v. 1