# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------X

Jermaine Cranmore, *on behalf of himself and all others similarly situated,*

                             *Plaintiff*,

                  -*against*-

Parts Authority, LLC, Parts Authority-Waw LLC, DRA Logistics Corp. d/b/a Workforce, and 130 ST Equities LLC d/b/a Workforce,

                             *Defendants*.

----------------------------------------------------------------------X

Case No.: 24-cv-02810

**DEFENDANTS' RESPONSES AND OBJECTIONS TO**
**PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS**

Defendants DRA Logistics Corp. d/b/a Workforce, and 130 ST Equities LLC d/b/a Workforce (collectively, the "Defendants"), through their undersigned counsel, as and for their responses to Plaintiff Jermaine Cranmore's (the "Plaintiff") First Set of Document Requests, respond as follows:

These responses are made solely in relation to the above-captioned action, and are proffered only for the purpose of responding to the Plaintiff's Request. All responses are subject to the objections noted below. Defendants reserve the right to object on any ground to 1) the admissibility or use of any information provided herein in any subsequent stage or proceeding in this or any other action; and 2) any other discovery procedure relating to the subject matter of this Request. Additionally, these responses are given without prejudice to Defendants' right to produce at a later date and/or rely at trial upon information that is subsequently discovered or inadvertently omitted.

**GENERAL OBJECTIONS AND LIMITATION TO ALL REQUESTS**

Defendants hereby incorporate by reference each of the following General Objections and

Limitations ("General Objections") in their responses to each specific Request as if specifically set forth therein, in addition to such other specific and further objections to each Request as noted in each response. Any such specific objections to a particular Request shall not be construed as a waiver of any of Defendants' General Objections, and any reference to or restatement of a General Objection in the response to a particular Request shall not limit that General Objection or waive any other General Objection. Unless otherwise specifically stated, Defendants' objections to each Request apply to the entire Request, including each and every subparagraph of each Request.

1. Defendants object to each Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, is not reasonably calculated to lead to the discovery of relevant or admissible evidence, or is in any way beyond the scope of disclosure required by the FRCP.

2. Defendants object to each Request to the extent that it is duplicative, unreasonably cumulative, , oppressive or unduly expensive to answer.

3. Defendants object to each Request that it calls for a legal conclusion.

4. Defendants object to each Request to the extent that the information requested is a matter of public record or is already in the possession of Plaintiffs (including without limitation any documents already produced in this matter), or that the burden of obtaining the information would otherwise be less or substantially the same for Plaintiffs as for Defendants.

5. Defendants object to each Request to the extent that they seek documents generated subsequent to the commencement of this litigation, on the grounds that such Requests seek information either not relevant to the subject matter of the litigation, and/or not reasonably calculated to lead to the discovery of admissible evidence.

6. Defendants object to each Request to the extent that it seeks the production of

information or documents protected from discovery by any privilege, including the attorney-client privilege (including without limitation documents prepared in anticipation of litigation by or for Defendants or their attorneys (or any agents or representatives of Defendants or their attorney), or documents or information which would disclose the mental impressions, conclusion, opinions, or legal theories of attorneys or other agents or representatives of Defendants concerning any matters at issue in this litigation) or any other applicable privilege, immunity, or limitation on discovery. To the extent any protected information is produced or otherwise disclosed, such production or disclosure is inadvertent, and Defendants shall not be deemed to have waived any privilege with respect to that or any other information.

7. Defendants object to each Request to the extent that it is not limited to a specific time period relevant to the matter or exceeds the applicable statute of limitations.

8. Defendants object to each Request to the extent it seeks personal or confidential information (including without limitation employment and financial information) concerning individuals or entities not involved in this action.

9. Defendants object to each Request to the extent that it calls for speculation, is vague or ambiguous, or otherwise alleged agents or representatives of Defendants who are not subject to Defendants' control, or to the extent that such information would violate any privacy interests or other rights of alleged agents or representatives.

10. Defendants object to each Request to the extent that it seeks information from any former, apparent, or otherwise alleged agents or representatives of Defendants who are not subject to Defendants' control, or to the extent that such information would violate any privacy interests or other rights of alleged agents or representatives.

11. Defendants object to each Request to the extent that it seeks information that was

not created by Defendants, or is not currently in the possession, custody, or control of Defendants, or seeks to impose upon Defendants an obligation to acquire, review, or otherwise have knowledge of information that is in possession of others.

12. Defendants reserve the right to supplement these responses with any additional relevant, responsive, non-privileged documents that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

Without waiving the General Objections or any objections set forth in response to specific Requests, Defendants respond, within the limits of these objections, as set forth below.

## RESPONSES AND OBJECTIONS TO FIRST SET OF DOCUMENT REQUESTS

**Request for Production 1:**

Produce all documents and communications concerning, showing, or otherwise evidencing any agreements or understandings between the Parts Authority Defendants and the Workforce Defendants concerning work performed by Plaintiff and the Warehouse Workers at the Bronx Warehouse. This Request calls for, without limitation, the production of all contracts, policies, records, and communications concerning any agreements or understandings between the Parts Authority Defendants and Workforce Defendants concerning work performed by Plaintiff and the Warehouse Workers at the Bronx Warehouse.

> **Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, insofar as it seeks the production of "all documents". Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

**Request for Production 2:**

Produce all documents and communications concerning any payments made by the Parts Authority Defendants to the Workforce Defendants concerning labor performed by and wages paid to Plaintiff and the Warehouse Workers

> **Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, insofar as it seeks the production of "all documents" concerning "labor performed". Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss

the production of relevant, non-privileged, information, to this request.

**Request for Production 3:**

Produce all documents and communications concerning, showing, or otherwise evidencing the number and identities of Warehouse Workers who performed work at the Bronx Warehouse during the Liability Period.

**Response**:  Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, insofar as it seeks the production of "all documents". Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

**Request for Production 4:**

Produce all documents and communications concerning, showing, or otherwise evidencing wages paid to Plaintiff and the Warehouse Workers for work performed at the Bronx Warehouse. This Request includes, without limitation, all documents and communications concerning the calculation and payment of minimum and overtime wages and spread of hours pay paid to Plaintiff and the Warehouse Workers, including but not limited to payroll ledgers, wage statements, accountant summaries, and checks reflecting wages paid to Plaintiff and the Warehouse Workers.

**Response**:  Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, insofar as it seeks the production of "all documents". Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

**Request for Production 5:**

Produce all documents and communications concerning, showing, or otherwise evidencing wages paid to Plaintiff and the Warehouse Workers for work performed at the Bronx Warehouse. This Request includes, without limitation, all documents and communications concerning the calculation and payment of minimum and overtime wages and spread of hours pay paid to Plaintiff and the Warehouse Workers, including but not limited to payroll ledgers, wage statements, accountant summaries, and checks reflecting wages paid to Plaintiff and the Warehouse Workers.

**Response**:  Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, insofar as it seeks the production of

"all documents". Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

**Request for Production 6:**

Produce all documents and communications concerning, showing, or otherwise evidencing how the work schedules of Plaintiff and the Warehouse Workers were assigned, conveyed, or otherwise communicated to Plaintiff and the Warehouse Workers for work performed at the Bronx Warehouse.

**Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, insofar as it seeks the production of "all documents". Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

**Request for Production 7:**

Produce all documents concerning, showing, or otherwise evidencing the method or means by which hours worked by Plaintiff and the Warehouse Workers at the Bronx Warehouse were recorded, tracked, registered, and/or documented.

**Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, insofar as it seeks the production of "all documents". Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

**Request for Production 8:**

Produce all documents and communications concerning, describing, showing, or otherwise evidencing the job duties of Plaintiff and the Warehouse Workers at the Bronx Warehouse. This Request includes, without limitation, all documents and communications concerning, showing, or otherwise evidencing how the job duties of Plaintiff and the Warehouse Workers were assigned, conveyed, or otherwise communicated for work performed at the Bronx Warehouse.

**Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, insofar as it seeks the production of "all documents". Subject to, and notwithstanding the foregoing objection, Defendants

are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

**Request for Production 9:**

Produce all documents and communications concerning the use or provision of tools and equipment owned or controlled by the Parts Authority Defendants to Plaintiff and the Warehouse Workers for work performed at the Bronx Warehouse. The Request includes but is not limited to documents and communications concerning the use or provision of parts scanners to Plaintiff and the Warehouse Workers.

> **Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, insofar as it seeks the production of "all documents". Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

**Request for Production 10:**

Produce all documents and communications between the Parts Authority Defendants and the Workforce Defendants concerning the assignment of duties, hours worked, and wages paid to Plaintiff and the Warehouse Workers.

> **Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, insofar as it seeks the production of "all documents". Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

**Request for Production 11:**

Produce all handbooks, manuals, training materials, policies, or regulations distributed on behalf of the Parts Authority Defendants to Plaintiff and the Warehouse Workers, either directly or through the Workforce Defendants.

> **Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, insofar as it seeks the production of "all documents". Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

**Request for Production 12:**

Produce all documents concerning, showing, or otherwise evidencing the provision of Wage Statements by Defendants to Plaintiff and the Warehouse Workers.

**Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, insofar as it seeks the production of "all documents". Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

**Request for Production 13:**

Produce all communications between the Workforce Defendants and the Warehouse Workers, including Plaintiff. This Request includes but is not limited to all communications between Workforce supervisors and the Warehouse Workers, including Plaintiff.

**Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, insofar as it seeks the production of "all communications". Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

**Request for Production 14:**

Produce all documents concerning, showing, or otherwise evidencing the provision of Wage Notices by Defendants to Plaintiff and the Warehouse Workers.

**Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, insofar as it seeks the production of "all documents". Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

**Request for Production 15:**

Produce all documents and communications concerning training required of or provided to Plaintiff and the Warehouse Workers for work performed at the Bronx Warehouse.

**Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, insofar as it seeks the production of

"all documents". Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

**Request for Production 16:**

Produce all documents and communications concerning the supervision and inspection of work performed by Plaintiff and the Warehouse Workers at the Bronx Warehouse.

**Response**:  Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, insofar as it seeks the production of "all documents". Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

**Request for Production 17:**

Produce all documents and communications concerning, showing, or otherwise evidencing disciplinary action (*e.g.*, write-ups, warnings, suspensions, firings) taken or recommended by the Parts Authority Defendants with respect to Plaintiff and the Warehouse Workers.

**Response**:  Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, insofar as it seeks the production of "all documents". Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

**Request for Production 18:**

Produce documents concerning the corporate structures of the Workforce Defendants. This Requests includes, without limitation, organizational charts for the Workforce Defendants.

**Response**:  Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

**Request for Production 19:**

Produce all documents concerning, showing, or otherwise reflecting each Person who

holds an ownership interest in the Workforce Defendants.

> **Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

**Request for Production 20:**

Produce all documents concerning the annual gross sales or business done of the Workforce Defendants within tax years 2021, 2022, and 2023. By way of example, and without limitation, this Request calls for the production of all payroll records, expense reports, profit reports, tax filings, and other documents concerning, showing, or otherwise reflecting the annual gross sales and/or revenues of the Workforce Defendants within the three years prior to the filing of the Complaint.

> **Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

**Request for Production 21:**

Produce all documents concerning any investigation of the Workforce Defendants by the United States Department of Labor or New York Department of Labor from 2014 to present.

> **Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

**Request for Production 22:**

Produce all documents concerning any investigation of discriminatory practices by the Workforce Defendants by the United States Equal Employment Opportunity Commission, New York State Division of Human Rights, or New York City Commission on Human Rights from 2014 to present.

> **Response**: Defendants object to this Request to the extent that it is overly broad, seeks

irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

**Request for Production 23:**

Produce all communications between the Workforce Defendants and their accountant(s), financial advisor(s), payroll advisor, or any other non-attorney advisor, consultant, or professional concerning the payment of minimum and overtime wages and spread of hours pay to Plaintiff and the Warehouse Workers.

**Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

**Request for Production 24:**

Produce all documents and communications that support, refute, or relate to the affirmative defenses set forth in the Workforce Answer.

**Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

**Request for Production 25:**

Produce all witness statements or declarations the Workforce Defendants have obtained concerning this Action.

**Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

**Request for Production 26:**

Produce all documents concerning or otherwise reflecting actions the Workforce Defendants undertook to determine whether their compensation policies and practices, including

but not limited to practices or policies concerning the payment of overtime wages to Plaintiff and the Warehouse Workers, complied with the FLSA and/or NYLL. This Request is not limited to the Liability Period.

> **Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

**Request for Production 27:**

Produce copies of IRS Forms 1125-E filed by the Workforce Defendants.

> **Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

**Request for Production 28:**

Produce all communications between the Parts Authority Defendants and the Workforce Defendants concerning the claims raised in the Complaint. and/or the Warehouse Workers' compensation, work schedule, and/or hours worked.

> **Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

**Request for Production 29:**

Produce all documents and communications concerning the recruitment of Warehouse Workers by the Workforce Defendants to work at the Bronx Warehouse.

> **Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

**Request for Production 30:**

Produce all other documents not produced in response to the Requests above relevant to this Action, the allegations in the Complaint, and/or the defenses raised in the Workforce Answer.

**Response**:  Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

Dated: New York, New York
February 19, 2025

Yours, etc.

LEVIN EPSTEIN & ASSOCIATES, P.C.

By:    /s/*Jason Mizrahi*
Jason Mizrahi, Esq.
60 East 42nd Street, Suite 4700
New York, New York 10165
Tel. No.: (212) 792-0048
Fax No.: (301) 758-7351
Email: Jason@levinepstein.com
*Attorneys for Defendants DRA Logistics Corp. d/b/a Workforce, and 130 ST Equities LLC d/b/a Workforce*