# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------X
Jermaine Cranmore, *on behalf of himself and all others similarly situated,*

                                       *Plaintiff*,

                          *-against-*

Parts Authority, LLC, Parts Authority-Waw LLC, DRA Logistics Corp. d/b/a Workforce, and 130 ST Equities LLC d/b/a Workforce,

                                       *Defendants*.
---------------------------------------------------------------------X

Case No.: 24-cv-02810

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES

Defendants DRA Logistics Corp. d/b/a Workforce, and 130 ST Equities LLC d/b/a Workforce (collectively, the "Defendants"), through their undersigned counsel, as and for their responses to Plaintiff Jermaine Cranmore's (the "Plaintiff") First Set of Interrogatories, respond as follows:

These responses are made solely in relation to the above-captioned action, and are proffered only for the purpose of responding to the Plaintiff's Requests. All responses are subject to the objections noted below. Defendants reserve the right to object on any ground to 1) the admissibility or use of any information provided herein in any subsequent stage or proceeding in this or any other action; and 2) any other discovery procedure relating to the subject matter of this Request. Additionally, these responses are given without prejudice to Defendants' right to produce at a later date and/or rely at trial upon information that is subsequently discovered or inadvertently omitted.

1

## GENERAL OBJECTIONS AND LIMITATION TO ALL REQUESTS

Defendants hereby incorporate by reference each of the following General Objections and Limitations ("General Objections") in their responses to each specific Request as if specifically set forth therein, in addition to such other specific and further objections to each Request as noted in each response. Any such specific objections to a particular Request shall not be construed as a waiver of any of Defendants' General Objections, and any reference to or restatement of a General Objection in the response to a particular Request shall not limit that General Objection or waive any other General Objection. Unless otherwise specifically stated, Defendants' objections to each Request apply to the entire Request, including each and every subparagraph of each Request.

1. Defendants object to each Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, is not reasonably calculated to lead to the discovery of relevant or admissible evidence, or is in any way beyond the scope of disclosure required by the FRCP.

2. Defendants object to each Request to the extent that it is duplicative, unreasonably cumulative, unduly burdensome, oppressive or unduly expensive to answer.

3. Defendants object to each Request that it calls for a legal conclusion.

4. Defendants object to each Request to the extent that the information requested is a matter of public record or is already in the possession of Plaintiffs (including without limitation any documents already produced in this matter), or that the burden of obtaining the information would otherwise be less or substantially the same for Plaintiffs as for Defendants.

5. Defendants object to each Request to the extent that they seek documents generated subsequent to the commencement of this litigation, on the grounds that such Requests seek

information either not relevant to the subject matter of the litigation, and/or not reasonably calculated to lead to the discovery of admissible evidence.

6. Defendants object to each Request to the extent that it seeks the production of information or documents protected from discovery by any privilege, including the attorney-client privilege (including without limitation documents prepared in anticipation of litigation by or for Defendants or their attorneys (or any agents or representatives of Defendants or their attorney), or documents or information which would disclose the mental impressions, conclusion, opinions, or legal theories of attorneys or other agents or representatives of Defendants concerning any matters at issue in this litigation) or any other applicable privilege, immunity, or limitation on discovery. To the extent any protected information is produced or otherwise disclosed, such production or disclosure is inadvertent, and Defendants shall not be deemed to have waived any privilege with respect to that or any other information.

7. Defendants object to each Request to the extent that it is not limited to a specific time period relevant to the matter or exceeds the applicable statute of limitations.

8. Defendants object to each Request to the extent it seeks personal or confidential information (including without limitation employment and financial information) concerning individuals or entities not involved in this action.

9. Defendants object to each Request to the extent that it calls for speculation, is vague or ambiguous, or otherwise alleged agents or representatives of Defendants who are not subject to Defendants' control, or to the extent that such information would violate any privacy interests or other rights of alleged agents or representatives.

10. Defendants object to each Request to the extent that it seeks information from any former, apparent, or otherwise alleged agents or representatives of Defendants who are not subject

to Defendants' control, or to the extent that such information would violate any privacy interests or other rights of alleged agents or representatives.

11.     Defendants object to each Request to the extent that it seeks information that was not created by Defendants, or is not currently in the possession, custody, or control of Defendants, or seeks to impose upon Defendants an obligation to acquire, review, or otherwise have knowledge of information that is in possession of others.

Without waiving the General Objections or any objections set forth in response to specific Requests, Defendants respond, within the limits of these objections, as set forth below.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

**Interrogatory No. 1:**

Identify all Persons involved in drafting, implementing, and managing any contracts or agreements between the Parts Authority Defendants and the Workforce Defendants concerning work performed by Plaintiff and the Warehouse Workers at the Bronx Warehouse.

> **Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to, and notwithstanding the foregoing objection, Defendants identify Amrit Dabie.

**Interrogatory No. 2:**

Identify all Persons responsible for the administration and approval of any payments made by the Parts Authority Defendants to the Workforce Defendants concerning labor performed by and wages paid to Plaintiff and the Warehouse Workers.

> **Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to, and notwithstanding the foregoing objection, Defendants identify Amrit Dabie.

**Interrogatory No. 3:**

Identify all documents reflecting the number and identities of Warehouse Workers who worked at the Bronx Warehouse within the Liability Period.

**Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

**Interrogatory No. 4:**

Identify all Persons in possession of documents concerning or reflecting the wages paid to Plaintiff and the Warehouse Workers for work performed at the Bronx Warehouse.

**Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to, and notwithstanding the foregoing objection, Defendants identify Amrit Dabie.

**Interrogatory No. 5:**

Identify all Persons who set or held the authority to set the work schedules and job duties of Plaintiff and the Warehouse Workers.

**Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to, and notwithstanding the foregoing objection, Defendants identify Amrit Dabie.

**Interrogatory No. 6:**

Identify all Persons who distributed wages to Plaintiff and the Warehouse Workers for work performed at the Bronx Warehouse.

**Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to, and notwithstanding the foregoing objection, Defendants identify Amrit Dabie.

**Interrogatory No. 7:**

Identify all Persons who set or held the authority to set the wage rates of Plaintiff and the Warehouse Workers

**Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably

calculated to lead to the discovery of relevant or admissible evidence. Subject to, and notwithstanding the foregoing objection, Defendants identify Amrit Dabie.

**Interrogatory No. 8:**

Identify all Persons who hired, fired, or disciplined Plaintiff and the Warehouse Workers or held the authority to do so.

**Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to, and notwithstanding the foregoing objection, Defendants identify Amrit Dabie.

**Interrogatory No. 9:**

Identify all Persons employed as supervisors or managers by the Workforce Defendants.

**Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to, and notwithstanding the foregoing objection, Defendants identify Amrit Dabie.

**Interrogatory No. 10:**

Identify all Persons responsible for recruiting Warehouse Workers to work at the Bronx Warehouse on behalf of the Workforce Defendants.

**Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to, and notwithstanding the foregoing objection, Defendants identify Amrit Dabie.

**Interrogatory No. 11:**

Identify all Persons who provided accounting services to the Workforce Defendants.

**Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

**Interrogatory No. 12:**

Identify all Persons who provided payroll services for the Workforce Defendants.

**Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

**Interrogatory No. 13:**

Identify all Persons who hold an ownership interest in DRA Logistics Corp.

**Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

**Interrogatory No. 14:**

Identify the top ten shareholders of 130 St Equities LLC.

**Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

**Interrogatory No. 15:**

Identify all witness whose testimony the Workforce Defendants intend to rely on at trial in this Action.

**Response**: Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to, and notwithstanding the foregoing objection, Defendants identify Amrit Dabie.

Dated: New York, New York
February 19, 2025

                        Yours, etc.

                        LEVIN EPSTEIN & ASSOCIATES, P.C.

                        By:    /s/*Joshua D. Levin-Epstein*
                              Joshua D. Levin-Epstein, Esq.
                              60 East 42nd Street, Suite 4700
                              New York, New York 10165
                              Tel. No.: (212) 792-0046
                              Fax No.: (646) 786-3170
                              Email: Joshua@levinepstein.com
                              *Attorneys for Defendants*