# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165<br>
T: 212.792.0046 • E: Joshua@levinepstein.com

February 25, 2025

**<u>Via Electronic Filing</u>**
The Hon. Lewis J. Liman U.S.D. J.
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

     Re: *Cranmore v. Parts Authority, LLC et al*
       <u>Case No.: 1:24-cv-05842-LJL</u>

Dear Honorable Judge Liman:

  This law firm represents Defendants DRA Logistics Corp. and 130 St Equities LLC (collectively, the "DRA Defendants") in the above-referenced matter.

  Pursuant to Your Honor's Individual Motion Practice Rules,, this letter respectfully serves to respond to the letter motion filed by Plaintiffs Jermaine Cranmore and Asiya Mohamed (collectively, the "Plaintiffs") on February 21, 2025 [Dckt. No. 38], seeking to compel Defendants to: (i) provide supplemental responses to Plaintiffs' first requests for the production of documents ("Plaintiffs' FRPD"); and to (ii) provide supplemental responses to Plaintiffs' first set of interrogatories ("Plaintiffs' Rogs.") (the "Motion to Compel").

  As a threshold matter, Plaintiffs' Motion to Compel was filed in derogation of:

1. Your Honor's Individual Rule 1(C);
2. Your Honor's Individual Rule 4(C);
3. Fed.R.Civ.P. 37(a)(1)[1];
4. Local Civil Rule ("LCR") 37.2.[2]

  Plaintiffs' failure to comply with this Court's Individual Motion Practice Rules, the LCR, and the Fed.R.Civ.P. is sufficient grounds in and of itself to deny the Letter Motion. *See New Falls Corp. v. Soni Holdings, LLC*, 2023 WL 5806294, at *9 (E.D.N.Y. 2023), *report and recommendation adopted*, 2023 WL 5806257 (E.D.N.Y. 2023); *see also United States for use & benefit of Five Star Elec. Corp. v. Liberty Mut. Ins. Co.*, 2021 WL 1948487, at *5 (S.D.N.Y. 2021); *Bento v. New York City Dep't of Citywide Admin. Servs.*, 2020 WL 1434570, at *4 (S.D.N.Y. 2020); *Paulson v. Tidal*, 2018 WL 3432166, at *6 (S.D.N.Y. 2018); *Stone v. 866 3rd Next Generation Hotel,* 2001 WL 515202, at *1 (S.D.N.Y. 2001).

---

[1] "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."
[2] "No motion under Rules 26 through 37 inclusive of the [Fed.R.Civ.P.] shall be heard unless counsel for the moving party has first requested an informal conference with the Court by letter-motion for a pre-motion discovery conference (subject to the instructions regarding ECF published on the Court's website and the Judge's Individual Practices) and such request has either been denied or the discovery dispute has not been resolved as a consequence of such a conference."

      Turning to the substance of Plaintiffs' Motion to Compel, the undersigned counsel is still in the process of meeting and conferring with the DRA Defendants, regarding supplemental responses to Plaintiffs' discovery requests. The undersigned counsel is prepared to advise the DRA Defendants to produce supplemental responses to Plaintiffs' discovery requests, on or before February 4, 2025.

      Thank you, in advance, for your time and attention.

      Respectfully submitted,

      LEVIN-EPSTEIN & ASSOCIATES, P.C.

      By:  */s/ Jason Mizrahi*
      Jason Mizrahi
      60 East 42nd Street, Suite 4700
      New York, NY 10165
      Tel. No.:  (212) 792-0048
      Email: Jason@levinepstein.com
      *Attorneys for the DRA Defendants*

VIA ECF: All Counsel