```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                    :
JERMAINE CRANMORE, et al.,                                          :
                                                                    :
                            Plaintiffs,                             :
                                                                    :      24-cv-5842 (LJL)
        -v-                                                         :
                                                                    :      MEMORANDUM AND
PARTS AUTHORITY, LLC, et al.,                                       :           ORDER
                                                                    :
                            Defendants.                             :
                                                                    :
-------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff Jemaine Cranmore ("Plaintiff") moves to compel the production of documents and compliant interrogatory responses by February 28, 2025, pursuant to Federal Rule of Civil Procedure 37(a). Dkt. No. 38. The motion is granted in part. Defendants DRA Logistics Corp. and 130 St. Equities LLC (the "Workforce Defendants") shall produce all documents responsive to Plaintiffs' First Set of Requests for Production of Documents (the "Document Requests") by no later than March 4, 2025. The Workforce Defendants shall also serve verified and responsive responses to Plaintiff's First Set of Interrogatories (the "Interrogatories") by March 4, 2025. The Court further finds that the Workforce Defendants have waived their objections by failing to timely respond to the Document Requests and Interrogatories.

Plaintiff served his Document Requests and Interrogatories on the Workforce Defendants on December 20, 2024. Dkt. No. 38 at 1. Plaintiff agreed to two extensions of the deadlines for responses to the Document Requests and the Interrogatories. *Id.* at 2. The agreed deadline for responses to the Document Requests and Interrogatories was February 19, 2025. *Id.* On February 19, 2025, the Workforce Defendants served their Responses and Objections to Plaintiff's First Set of Document Requests. Dkt. No. 38-1. The Workforce Defendants answered

each of the Document Requests with one of two boilerplate responses. Where a request demanded the production of "all documents and communications" or "all documents," the Workforce Defendants responded:

> Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and [sic] not reasonably calculated to lead to the discovery of relevant or admissible evidence, insofar as it seeks the production of "all documents". Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

*Id.* at ECF p. 5.[1]

On other occasions, generally when the Document Request asked simply for documents and not "all documents," the Workforce Defendants eliminated the "insofar" clause such that their response read as follows:

> Defendants object to this Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, and [sic] not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to, and notwithstanding the foregoing objection, Defendants are willing to meet-and-confer with Plaintiff to discuss the production of relevant, non-privileged, information, to this request.

*Id.* at ECF p. 10.

Federal Rule of Civil Procedure 34(b)(2)(B) requires that "[f]or each item or category [of documents requested], the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B); *see Cambridge Cap. LLC v. Ruby Has LLC*, 2022 WL 889143, at *5 (S.D.N.Y. Mar. 24, 2022). "Boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy, while producing no documents and answering no interrogatories are a paradigm of discovery abuse." *Pegoraro v. Marrero*, 281

---

[1] The Workforce Defendants made slight modifications to some of these responses. *See, e.g., id.* at ECF pp. 5–6, Response to Request for Production 2.

F.R.D. 122, 128–29 (S.D.N.Y. 2012) (cleaned up). "[R]esponses to requests […] stating that the requests are 'overly broad and unduly burdensome' is meaningless boilerplate. Why is it burdensome? How is it overly broad?" *Fischer v. Forrest*, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017). "[A] litigant's 'failure to respond or object to a discovery request in a timely manner' waives any objection that may have been available." *Barbera v. Grailed, LLC*, 2024 WL 4836616, at *1 (S.D.N.Y. Nov. 20, 2024) (quoting *UBS Int'l Inc. v. Itete Brasil Instalacoes Telefonicas Ltd.*, 2010 WL 743371, at *3 (S.D.N.Y. Feb. 24, 2010)); *accord Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 163 (S.D.N.Y. 2011) (collecting cases).

The Workforce Defendants' Responses and Objections to Plaintiff's Interrogatories at Dkt. No. 38-2 are not verified, in violation of the requirements of Federal Rule of Civil Procedure 33. *See Saria v. Massachusetts Mut. Life Ins. Co.*, 228 F.R.D. 536, 538–39 (S.D.W. Va. 2005) (emphasizing strict compliance with Rule 33). The Workforce Defendants answered ten of the interrogatories; it did not answer the remaining five of the interrogatories, making only boilerplate objections. *Id.* Federal Rule of Civil Procedure 33(b)(3) and (5) require that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath," and signed by the responding party. Fed. R. Civ. P. 33; *see also In re World Trade Ctr. Disaster Litig.*, 722 F.3d 483, 488 (2d Cir. 2013) (per curiam) (holding interrogatory responses that did not include verification "under penalty of perjury" that the answers "are true and correct" to be insufficient).

The Workforce Defendants respond that Plaintiff's letter-motion is in violation of the Local Rules and the Court's Individual Practices. Dkt. No. 39 at 1. But that argument is plainly incorrect. *See* Dkt. No. 38 at 4 (certification regarding attempt to meet and confer); Dkt. No. 38-3 (correspondence regarding attempt to meet and confer). Local Rule 37.2 states that "[u]nless

the individual practices of the judge presiding over discovery require a different procedure," no discovery motion "will be heard unless counsel for the moving party has first requested an informal conference with the court by letter-motion for a pre-motion discovery conference." L.R. 37.2.  The Court's individual practices state that no request for a pre-motion discovery conference is required.  Individual Practices in Civil Cases § 2(f).  The operative Local Rules, which became effective July 21, 2024, do not elsewhere require that the parties meet and confer before a discovery motion may be filed.  Rule 4(C) of the Court's individual practices states that "[a]ny party wishing to raise a discovery dispute with the Court must first *attempt* to confer in good faith with the opposing party, in person or by telephone, to try and resolve the dispute." Individual Practices in Civil Cases § 4(C) (emphasis added).  Rule 37 of the Federal Rules of Civil Procedure similarly requires a party seeking to compel discovery to certify that "the movant has in good faith conferred or *attempted* to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(1)(1) (emphasis added).  The Court's individual rules clarify that "[c]ounsel is expected to be available to meet and confer within 48 hours of receiving a request from the initiating party." Individual Practices in Civil Cases § 4(C).  Plaintiff complied with these rules.  "The Court expects parties to obey its individual practices and the Rules of Federal Procedure by seeking to meet and confer to try to resolve discovery issues before seeking the Court's intervention.  However, there is no loophole wherein a party may escape a motion to compel, or a ruling on such motion, simply by stonewalling its opposing counsel and declining to confer."  *Barbera v. Grailed, LLC*, 2024 WL 4836616, at *2 .

      The Workforce Defendants' only substantive response is the conclusory assertion that "[t]he undersigned counsel is prepared to advise the [Workplace Defendants] to produce

supplemental responses to Plaintiffs' [sic] discovery requests, on or before February 4, 2025 [sic]." Dkt. No. 39 at 2.  February 4, 2025 has long passed, and in any case, the time has passed for voluntary, non-court-ordered compliance with the discovery requests.

The motion is GRANTED AS MODIFIED.  The Clerk of Court is respectfully directed to close Dkt. No. 38.

SO ORDERED.

Dated: February 26, 2025
       New York, New York

_____
                          LEWIS J. LIMAN
                          United States District Judge