```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  6/5/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
JERMAINE CRANMORE, et al.,                                             :
:
Plaintiffs,                                   :
:                    24-cv-5842 (LJL)
-v-                                            :
:                    ORDER
PARTS AUTHORITY, LLC, et al.,                                          :
:
Defendants.                                   :
:
-----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      On May 21, 2025, DRA Logistics Corp. and 130 St Equities LLC (together, the "DRA Defendants") submitted a letter and suggestion of death, advising the Court of the death of Mr. Amrit Dabie, an individual defendant in this action and the principal of the DRA Defendants as well as corporate defendants AD Delivery & Warehousing Inc. and AC Automotive, Inc. *See* Dkt. No. 68. The DRA Defendants request that the Court note Mr. Dabie's death on the record and hold Plaintiff's motion to compel at Dkt. No. 67 in abeyance. However, for the purposes of Rule 25, DRA Defendants' letter is sufficient to constitute notice of the death for the purposes of Rule 25's 90-day time period for the "substitution of the proper party." *See e.g., Lopa v. Safeguard Props. Mgmt.*, LLC, 2018 WL 3104456, at *10 (E.D.N.Y. May 16, 2018); 6 Moore's Federal Practice § 25.13[2][b] (3d ed. 2025) ("[T]he statement noting the death of a party (previously called a 'suggestion of death') must be a formal, written document that is both served on the appropriate persons and filed with the court."); *see also* 7C C. Wright & A. Miller et al., Federal Practice & Procedure § 1955 (3d ed. 2025) ("[T]he clock does not start until the death is noted on the record by service of a statement of the fact of death."). Accordingly, the

parties have 90 days from May 21, 2025, the date of the DRA Defendants' letter, to move for substitution of the deceased party.

Plaintiff shall show cause by June 12, 2025 why the motion to compel at Dkt. No. 68 should not be deemed withdrawn without prejudice to renewal subject to the resolution of any substitution for the deceased party. Defendants may respond by June 16, 2025.

SO ORDERED.

Dated: June 5, 2025
New York, New York

LEWIS J. LIMAN
United States District Judge