# PECHMAN LAW GROUP PLLC
### LABOR & EMPLOYMENT ATTORNEYS

**488 MADISON AVENUE**
**NEW YORK, NEW YORK 10022**
**(212) 583-9500**
**WWW.PECHMANLAW.COM**

June 12, 2025

**VIA ECF**

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *Cranmore v. Parts Authority, LLC et al.*
    No. 24 Civ. 5842 (LJL)

Dear Judge Liman:

  We represent Plaintiff Jermaine Cranmore in the above matter and submit this show cause letter in accordance with the Court's June 5, 2025 Order (ECF No. 74) regarding Plaintiff's third motion to compel the production of documents (ECF No. 67) (the "Third Motion") from Defendants DRA Logistics Corp. and 130 St. Equities LLC (the "DRA Defendants").

  For the reasons detailed below, the continued delay in the production of essential responsive documents by the DRA Defendants is not justified by the pending substitution of individual defendant Amrit Dabie. Per Mr. Dabie's testimony as representative of the DRA Defendants, the documents are readily accessible and should be produced. We therefore respectfully request that the Court decline to hold Plaintiff's Third Motion in abeyance pending the substitution of Mr. Dabie as a party and grant the relief requested in Plaintiff's Third Motion in its entirety.

  First, Mr. Dabie's April 24, 2025 deposition testimony on which the Third Motion is grounded was given in his capacity as a Federal Rule of Civil Procedure ("FRCP") 30(b)(6) representative of the DRA Defendants. "The testimony provided by a corporate representative at a 30(b)(6) deposition binds the corporation." *Fed. Hous. Fin. Agency v. Royal Bank of Scot. Grp. PLC*, No. 3:11 Civ. 1383 (AWT), 2015 U.S. Dist. LEXIS 196463, at *6 (D. Conn. Aug. 20, 2015) (citation omitted). Plaintiff's discovery demands and three motions to compel have all been directed at the DRA Defendants on whose behalf Mr. Dabie testified. The pending substitution of Mr. Dabie as an individual defendant has no impact on the DRA Defendants' continuing obligation to produce responsive documents in discovery.

Hon. Lewis J. Liman
June 12, 2025
Page 2 of 3

Mr. Dabie's testimony as to the existence of the documents addressed in the Third Motion stands in astounding discrepancy with the representations made by the DRA Defendants throughout discovery in this Action with respect to responsive documents in their possession. For example, **Mr. Dabie testified that there are five years-worth of documentary evidence crucial to this FLSA and NYLL matter currently maintained in the DRA Defendants' office**:

> **Q: So in the office right now there's five years of records of all paystubs for wages paid to the warehouse workers?**
>
> **A: Yes.**

*See* ECF No. 67-2 at 119:6-10. Mr. Dabie also testified to the existence of forms filled out by warehouse workers with information including their name, address, phone number, and social security number, and testified that **these documents are kept in a cabinet in the DRA Defendants' office, are retained for five or six years, and are never destroyed.** *See* ECF No. 67-3 at 34:7-35:12; 50:7-21.

**Despite the two prior motions to compel and corresponding orders, none of those documents have been produced to date.** Permitting further delay by the DRA Defendants in producing these essential responsive documents would serve only to increase the risk of evidence spoliation, a risk about which Plaintiff has a pressing concern given the DRA Defendants' prior non-compliance with the Court's discovery orders as evidenced by Mr. Dabie's testimony.

Second, the DRA Defendants are fully capable of producing responsive documents regardless of the pending substitution of Mr. Dabie as an individual defendant. Mr. Dabie repeatedly testified that the DRA Defendants' office manager, Ganesh Narain, is the custodian of the responsive documents. Mr. Dabie's pending substitution does not prevent Mr. Narain from producing the responsive documents, as the DRA Defendants were obligated to do months ago. It bears noting that the DRA Defendants' counsel has repeatedly refused to confirm whether he has even spoken to Mr. Narain regarding the production of the responsive documents since Mr. Dabie's deposition on April 24. Further, Mr. Dabie is not the sole officer of the DRA Defendants. Mr. Dabie testified that his grandson, Devin Dabie, is the "100 percent owner" and President of DRA Logistics Corp. The DRA Defendants continue operating. Under these circumstances, there is no justification for the continued and extreme delay by the DRA Defendants to produce the documents identified in Plaintiff's Third Motion, including documents which Mr. Dabie testified exist in a cabinet in the DRA Defendants' office.

Third, FRCP 25(a)(2) provides that "[a]fter a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record." Fed. R. Civ. P. 25(a)(2). Under this rule, regardless of a later substitution of the deceased party, the action continues against the remaining parties. *See, e.g., Premoh v. City of Cincinnati*, No. 1:15 Civ. 265, 2016 U.S. Dist. LEXIS 63628, at *16 (S.D. Ohio May 13, 2016) (dismissing claims against a deceased individual defendant as a result of plaintiff's

Hon. Lewis J. Liman
June 12, 2025
Page 3 of 3

failure to timely move for substitution and holding that plaintiff's claims against the remaining defendants "are not abated by [the individual defendant's] death"); *Cheramie v. Orgeron*, 434 F.2d 721, 723 (5th Cir. 1970) (observing under predecessor rule that "[w]ith regard to these living defendants, even if the action did abate from lack of substitution of parties, the rule is clear that the death of one defendant and a resulting abatement of an action against him does not abate the action as to remaining defendants"); *Ortiz v. Case*, No. 16 Civ. 322, 2018 U.S. Dist. LEXIS 85044, at *32 (W.D.N.Y. May 18, 2018) (observing that following a party's death under FRCP 25(a)(2), "[t]he action continues among the surviving parties").

Accordingly, the May 21 Notice of Suggestion of Mr. Dabie's Death filed by the DRA Defendants does not stay this Action as to the remaining parties or excuse the DRA Defendants' failure to produce documents in their possession. Moreover, while Mr. Dabie was named as an individual defendant in Plaintiff's First Amended Complaint and served on April 24, 2025, there was no appearance by Mr. Dabie as an individual defendant in this matter prior to the Notice, further supporting the continuation of this Action in the normal course pending his substitution.

For the above reasons, we respectfully request that the Court rule on Plaintiff's Third Motion and grant the relief requested in its entirety. The further delay of essential document productions by the DRA Defendants is not warranted by the pending substitution of Mr. Dabie as an individual defendant and risks prejudice to Plaintiff.

We thank the Court for its time and consideration.

Respectfully submitted,

Galen C. Baynes

cc: Counsel of Record via ECF