```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/20/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
JERMAINE CRANMORE, et al.,                          :
:
                    Plaintiffs,           :
:      24-cv-5842 (LJL)
      -v-                                             :
:      MEMORANDUM AND
PARTS AUTHORITY, LLC, et al.,                       :      ORDER
:
                    Defendants.           :
:
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      On May 21, 2025, DRA Logistics Corp. and 130 St Equities LLC (together, the "DRA Defendants") submitted a letter and suggestion of death, advising the Court of the death of Mr. Amrit Dabie, an individual defendant in this action and the principal of the DRA Defendants as well as corporate defendants AD Delivery & Warehousing Inc. and AC Automotive, Inc. *See* Dkt. No. 68. The Court ordered the Plaintiff to show cause by June 12, 2025 why the motion to compel at Dkt. No. 68 should not be deemed withdrawn without prejudice to renewal subject to the resolution of any substitution for the deceased party, *see* Dkt. No. 74, which Plaintiff did at Dkt. No. 76. Defendants responded on June 16, 2025. Dkt. No. 77. For the reasons that follow, Plaintiff's motion to compel at Dkt. No. 67 is granted.

      Plaintiff has shown that he will be prejudiced by further delay in the production of responsive documents from the DRA Defendants, and that Mr. Dabie's death does not justify the DRA Defendants' continued noncompliance with Plaintiff's discovery demands. In his deposition on April 24, 2025, given in his capacity as a Federal Rule of Civil Procedure ("FRCP") 30(b)(6) representative of the DRA Defendants, Mr. Dabie testified as to the existence, location, and continuing availability of the documents sought. *See* Dkt. No. 67-2 at

119:6–10; 67-3 at 34:7–35:12; 50:7–21. "The testimony provided by a corporate representative at a 30(b)(6) deposition binds the corporation." *Fed. Hous. Fin. Agency v. Royal Bank of Scot. Grp. PLC*, 2015 U.S. Dist. LEXIS 196463, at *6 (D. Conn. Aug. 20, 2015) (citation omitted). Plaintiff's discovery demands and three motions to compel have all been directed at the DRA Defendants on whose behalf Mr. Dabie testified, and yet, to date, none of the documents described by Mr. Dabie in his deposition have been produced to Plaintiff. See Dkt. No. 76 at 2.

The DRA Defendants have not demonstrated that the potential substitution of Mr. Dabie as an individual defendant prevents the DRA Defendants from meeting their continuing obligation to produce responsive documents in discovery. Mr. Dabie repeatedly testified that the DRA Defendants' office manager, Ganesh Narain, is the custodian of the responsive documents. Mr. Dabie's potential substitution does not prevent Mr. Narain from producing the responsive documents, as the DRA Defendants were obligated to do months ago. Further, Mr. Dabie was not the sole officer of the DRA Defendants. Mr. Dabie testified that his grandson, Devin Dabie, is the "100 percent owner" and President of DRA Logistics Corp. The DRA Defendants respond that Mr. Dabie was "the principle" of the DRA Defendants, but do not dispute that he was not the sole owner. *See* Dkt. No. 77 at 1. The DRA Defendants are continuing to operate and cannot therefore purport to be defunct as corporate entities.

The DRA Defendants object that after Mr. Dabie's deposition was taken on May 8, 2025, the DRA Defendants had until May 24, 2025 to submit and sign an errata sheet demonstrating any inaccuracies in the transcript, pursuant to Rule 30(e) of the Federal Rules of Civil Procedure. See Dkt. No. 77 at 1. They argue that "[a]s a result of Mr. Dabie's untimely death, the DRA Defendants' opportunity to submit an errata sheet . . . has been fundamentally jeopardized. . . Yet, Plaintiff seeks to compel the continuance of this action on the basis of the decedent's

testimony. The reliance on the decedent's deposition – taken merely days before his death and without the benefit of correction pursuant to Rule 30(e) – would be prejudicial and contrary to the fundamental principles of due process." *Id.* This objection is unavailing. The DRA Defendants offer no reason to doubt the accuracy of the transcript as to the points on which Plaintiff relies for its motion to compel, making no suggestion that Mr. Dabie's description of the requested documents' location, availability, and completeness are inaccurate. Moreover, the suggestion that Plaintiff's motion to compel is untimely based on this alleged procedural defect admits of no limiting principle—the implication of the DRA Defendants' position is that Mr. Dabie's death permanently deprives the DRA Defendants of the opportunity to submit errata relating to his deposition testimony, and that therefore, they should never be obliged to comply with Plaintiff's document requests. In any event, the 30-day review period afforded by Rule 30(e) is only initiated "[o]n request by the deponent or a party before the deposition is completed," and such request must be memorialized by the officer in the Rule 30(f)(1) certificate. Fed. R. Civ. P. 3(e)(1), (2). The DRA Defendants have not indicated in their letter that such a request was made before the completion of Mr. Dabie's deposition.

Even if no substitution is made for Mr. Dabie, Rule 25(a)(2) of the Federal Rules of Civil Procedure provides that "[a]fter a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties." Fed. R. Civ. P. 25(a)(2); *see also Ortiz v. Case*, 2018 U.S. Dist. LEXIS 85044, at *32 (W.D.N.Y. May 18, 2018) (observing that following a party's death under FRCP 25(a)(2), "[t]he action continues among the surviving parties"). Accordingly, the May 21 Notice of Suggestion of Mr. Dabie's Death filed by the DRA Defendants does not stay this Action as to the remaining parties or excuse the DRA Defendants' failure to produce documents in their

3

possession. Permitting further delay by the DRA Defendants in producing these essential responsive documents will only serve to increase the risk of evidence spoliation.

Accordingly, Plaintiff's motion to compel is GRANTED.

The Clerk of Court is respectfully directed to close Dkt. No. 67.

SO ORDERED.

Dated: June 20, 2025
       New York, New York

_____
                LEWIS J. LIMAN
                United States District Judge

4